IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TISHA MEYER | § | |
| | § | |
| V. | § | CASE NO. 4:11cv367 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**MEMORANDUM OPINION AND ORDER OF**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). The parties have consented to the undersigned for final disposition of this matter. After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **REVERSED and REMANDED.**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on March 9, 2009, claiming entitlement to disability benefits due to bipolar disorder, generalized anxiety disorders, depression, borderline personality disorder with paranoid features, sleep disorder, dyslexia, sciatic nerve problems, and arm and leg pain. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on January 19, 2010. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Donald Anderson, testified.

On June 3, 2010, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on May 18, 2011.

Therefore, the June 3, 2010 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2008.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of October 5, 2007 through her date last insured of June 30, 2008 (20 C.F.R. 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: Bipolar Disorder; Obesity; and Degenerative Disc Disease of the Lumbar Spine (20 C.F.R. 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medially equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) except no ropes, ladders or scaffolds; occasional climbing, crouching and stooping; and no performance of complex tasks.

6. Through the date last insured, the claimant was capable of performing past relevant work as Fast Food Cashier, DOT 311.462-010 (light, SVP 2). This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565).

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from October 5, 2007, the alleged onset date, through June 30, 2008, the date last insured (20 C.F.R. 404.1520(f)).

(T.R. 17-24).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant

suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the Fourth step.

## **ANALYSIS**

Plaintiff brings one concise point of error for consideration. She contends that the ALJ failed to apply proper weight to the treating and examining opinions of Meyer's doctors. More succinctly,

there is no mention of any weight given whatsoever. The Circuit's leading case to which Plaintiff cites is *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000). Newton requires that "*absent* reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may *reject* the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton,* 209 F.3d at 453 (emphasis added). The six criteria listed are: examining relationship, treatment relationship, supportability, consistency, specialization and "other factors." 20 C.F.R. § 404.1527(d)(2). None of these factors are discussed by the ALJ as to the opinions of Drs. Gleason, Harrison or Pitts. The ALJ does discuss their findings but merely states that he gives greater weight to the non-examining state physicians.

However, the ALJ must consider the six factors in subsection (d) only with respect to the *medical opinions* of treating physicians. Subsection (d) is titled "How We Weigh Medical Opinions" and explicitly applies only to "medical opinions." Subsection (e) of the regulation expressly explains that some opinions by physicians are not medical opinions, and as such have no "special significance" in the ALJ's determination. 20 C.F.R. § 404.1527(e) & (e)(3). Among the opinions by treating doctors that have no special significance are determinations that an applicant is "disabled" or "unable to work." 20 C.F.R. § 404.1527(e)(1); *Frank v. Barnhart*, 326 F.3d 618 , 620 (5th Cir. 2003). Moreover, the Court is to consider the record in its entirety in its search for substantial evidence supporting the ALJ's conclusions. *Perez v. Barnhart*, 415 F.3d 457,461 (5th Cir. 2005).

Plaintiff argues that the ALJ failed to consider Dr. Gleason's finding that she had a substantial or complete loss of ability to perform each identified work activity (TR 514-515). Dr. Gleason assigned her either a substantial loss or complete loss to perform a number of work

5

related activities.

A close reading of the ALJ's opinion indicates that he took into account Dr. Gleason's and Harrison's opinions. He specifically found that Plaintiff had a severe impairment. The ALJ does mention that, within the records of Gleason and Harrison, are notations that she is doing "ok" and that pharmacological intervention would be appropriate. The ALJ also cites that Plaintiff may not have been taken meds as prescribed.

Even if the ALJ failed to follow the steps noted above, the Court still has the duty to determine whether any error was harmless. "Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have not been affected." *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir.1988). 20 C.F.R. § 404.1527 (c)(2) expressly provides that the Commissioner will always give good reasons in the notice of determination or decision for the weight given the treating source's opinion. The Court finds that the ALJ's opinion, although thorough, did not comply with the Agency's own rules. Therefore, the Court reverses and remands this proceeding to consider Dr. Gleason's findings in light of the Agency's rules.

Pursuant to the foregoing, the Court REVERSES AND REMANDS the decision of the Administrative Law Judge**.**

**SO ORDERED.**

**SIGNED this 30th day of January, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

6